IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KISHEN WOODS, SR.,**

           Petitioner,

   v.                 **CASE NO. 23-3121-JWL**

**STATE OF KANSAS,**

           Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Kishen Woods, Sr. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction and deny as moot the motion for leave to proceed *in forma pauperis* (Doc. 2).

### Background

Petitioner is serving a prison sentence of life without the possibility of parole for 20 years for his 2012 convictions of criminal possession of a firearm and first-degree premeditated murder. *See* (Doc. 1, p. 1); *see also* Sedgwick County District Court Records, *State v. Woods*, Case No. 2011-CR-3340-FE; *State v. Woods*, 301 Kan. 852, 854 (2015). In his current petition for federal habeas relief, Petitioner challenges these convictions. (Doc. 1, p. 1; Doc. 1-1, p. 3-10.)

Petitioner has previously filed multiple habeas corpus actions in this district challenging these convictions. The first was dismissed on February 6, 2018 as time-barred. *See Woods v. Cline*, Case No. 17-3228-SAC. The second was dismissed on May 16, 2018 for lack of jurisdiction as an unauthorized second or successive § 2254 petition. *See Woods v. Cline*, Case No. 18-3126-SAC. The third was dismissed on March 19, 2021 for the same reason as the second. *See Woods v. State*, Case No. 21-3064-SAC. The fourth was dismissed on September 2, 2022 for the same reason as

1

the second and third. *See Woods v. State*, Case No. 22-3189-JWL-JPO.[1] After the fourth petition was dismissed, Petitioner sought authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 habeas petition, but the Tenth Circuit denied authorization on February 6, 2023. *See In re: Woods*, Case No. 23-3017 (10th Cir. 2023).

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is an unauthorized successive § 2254 petition for habeas corpus. As noted above, the first application was adjudicated in *Woods v. Cline*, Case No. 17-3228-SAC. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Despite being told in three prior actions that this Court lacks jurisdiction over unauthorized second or successive § 2254 petitions, Petitioner has obtained authorization from the Tenth Circuit to file the current petition.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed

---

[1] In the current petition, Petitioner refers to Case No. 22-cv-3191-JWL-JPO. That was a civil action filed under 42 U.S.C. § 1983 by Petitioner which was dismissed without prejudice on September 26, 2022, when Petitioner failed to pay the full $402.00 filing fee as 28 U.S.C. § 1915(g)required him to do. *Woods v. Crow*, Case No. 22-3191-JWL-JPO, Doc. 5.

anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. First, because Petitioner's prior federal habeas proceeding was dismissed as time-barred, it is likely that any claims in the present petition would also be time-barred

Second, even liberally construing the petition, as is appropriate since Petitioner is proceeding pro se, Petitioner's claims are unlikely to have merit. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (holding that courts must liberally construe pro se pleadings and hold them to "'less stringent standards than formal pleadings drafted by lawyers'"). As Ground One, Petitioner asserts a violation of the First, Sixth, and Fourteenth Amendments, but as supporting facts, he states only: "elegal sentance [*sic*]." (Doc. 1, p. 5.) As Ground Two, Petitioner asserts "fi[r]st Amendment Petition," but as supporting facts, he states only: "I was charge elegal sentance [*sic*]." *Id.* at 6. In Ground Three, Petitioner does not identify an asserted federal violation and, in support of Ground Three he states only: "elegal sentance [*sic*]." *Id.* at 8. In Ground Four, Petitioner states only: "Petition," with no further explanation or supporting facts alleged. *Id.* at 9.

Federal district courts are authorized to "entertain an application for a writ of habeas corpus" from a person in custody under a state-court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Even liberally construing the petition, it does not adequately allege that Petitioner is in custody in violation of the federal Constitution, laws, or treaties. Thus, the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction over this matter, it will deny the motion to proceed *in forma pauperis* (Doc. 2). If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition, as he has done before.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters

3

a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. Therefore, the Motion for Leave to Proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 16th day of May, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
